UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEOPOLD O.V. ENWONWU, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 15-13036-LTS |
| CITY OF SOMERVILLE and | ) | |
| PAT'S TOWING, | ) | |
| | ) | |
|     Defendants. | ) | |

REPORT AND RECOMMENDATION ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

October 28, 2016

DEIN, U.S.M.J.

I. **INTRODUCTION**

Pro se Plaintiff Leopold O.V. Enwonwu ("Enwonwu") brings this action against the City of Somerville ("Somerville") and Pat's Towing for violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), stemming from what Enwonwu alleges was the wrongful ticketing and impoundment of his son's Ford Explorer. The crux of his claim is two-fold.[1] First, Enwonwu asserts that because he is not able to use his disability parking placard to park in a residential only permitted space, Somerville violated the Commonwealth of Massachusetts' statutes and regulations which expressly provide for disability parking. Second, he asserts that the existence of Somerville's residential parking program, which requires him to

---

[1] While the plaintiff's precise theory has shifted somewhat through various pleadings filed in this case, his basic complaint has remained unchanged.

obtain a resident parking permit in order to park in a resident parking space, and does not allow him to use his disability parking placard for that purpose, is discriminatory against persons with disabilities. Although Enwonwu has named Pat's Towing as a defendant, the only allegation relating to that entity in the Complaint is that Somerville instructed Pat's Towing to tow Enwonwu's vehicle for non-payment of tickets, and Pat's Towing did so and is in possession of the vehicle.

This matter is presently before the Court on Somerville's Motion for Summary Judgment on all claims asserted against it (Docket No. 38) and Enwonwu's Cross-Motion for Summary Judgment on his ADA claim. (Docket No. 45) In addition, Pat's Towing has filed a Motion for Summary Judgment, joining in Somerville's motion and also seeking summary judgment on the grounds that the Complaint fails to state any claims whatsoever against it, and that Enwonwu has failed to establish that he is the legal owner of the motor vehicle in Pat's Towing's possession. (Docket No. 44). Enwonwu has filed an Opposition to Pat's Towing's Motion and a Cross-Motion for Summary Judgment on the same grounds that he has asserted against Somerville. (Docket No. 51). For the reasons detailed herein, this Court recommends to the District Judge to whom this case is assigned that Somerville's and Pat's Towing's Motions for Summary Judgment (Docket Nos. 38 and 44 ) be ALLOWED, and that Enwonwu's Cross-Motions for Summary Judgment (Docket Nos. 45 and 51) be DENIED.

## II. STATEMENT OF FACTS

The facts are undisputed unless otherwise indicated.

Enwonwu is an individual who currently resides in Somerville, Massachusetts. (Pl. Facts (Docket No. 47) at ¶ 1). Somerville is a municipality of the Commonwealth of Massachusetts

("Commonwealth"). (Compl. (Docket No. 1) at ¶ 6). Pat's Towing is a company based in Medford, Massachusetts, and has a contract with Somerville to tow vehicles at Somerville's direction. (Id. at ¶ 7).

Enwonwu operated a Ford Explorer owned by his son and registered in his son's name. (Id. at ¶ 5). Around February 2011, he applied for a resident parking permit. (Somerville Mem. Ex. C (Docket No. 39-3) at 2). His application was refused because, at that time, the Ford Explorer was registered to a Georgia address rather than a Somerville address. (Id.). Enwonwu challenged the denial of his application for a resident parking permit in Massachusetts Superior Court on the grounds that the denial constituted illegal disparate treatment in violation of the United States and Massachusetts Constitutions. (Id. at 2-3). The Massachusetts Superior Court granted summary judgment in favor of Somerville on the grounds that Somerville "may constitutionally provide for a preference in allocating a limited resource to Somerville residents who place their vehicle under a Massachusetts registration indicating the registrant's Somerville residence." (Id. at 3). The denial of the permit was upheld by the Massachusetts Appeals Court. (Id. at 1).

Subsequent to the court's ruling, Enwonwu began the process of obtaining a resident parking permit, but stopped the process when he obtained a disabled parking permit from the Commonwealth. (Somerville Mem. Ex. E (Docket No. 39-5) at 1-2). He contends that his disability parking placard allows him to park in designated resident permit parking. (Id.) Specifically, at his deposition Enwonwu testified:

> A:  When I moved from Worcester to Somerville, I went to the Somerville office to get a Somerville permit; and they said that the vehicle was not garaged in Somerville; that I should get the insurance changed

>   from the Worcester address to the Somerville address; that that would satisfy the requirements of garaging.
>
>   Q:   Okay.
>
>   A:   Now, in the process of having that done, while I was still trying— before the insurance would conclude their paper processing and send me a revised copy, you know, I received the handicapped permit I had applied for through my then primary care physician in Worcester, Dr. Driscoll.  Now, my understanding is that with a handicap permits issued by the Commonwealth of Massachusetts, I was not required— or the law did not require me to obtain a parking permits from any city in –at least within the Commonwealth of Massachusetts.  There, again, I know that equally it applies to all other states by virtue of the commerce clause.
>
>   Q:   So based upon that understanding, you kind of just stopped the process –
>
>   A:   Yes.

(Id.).

Despite not continuing the process to obtain a resident parking permit, Enwonwu parked in resident only parking spaces.  Between November 2014 and June 2015, Somerville issued at least fourteen parking tickets to Enwonwu.  (Compl. at ¶ 10; Somerville Mem. Ex. A (Docket No. 39-1)).  At least half of these tickets were issued for parking in residential permit parking spaces without a permit, while others were for different violations.  (Id.).  Enwonwu did not pay the tickets.  (Pl. Facts at ¶ 4).

On July 1, 2015, in response to the unpaid tickets, Somerville placed an immobilization device on the wheel of the Ford Explorer.  (Compl. at ¶ 11; Somerville Mem. (Docket No. 39) at 1).  On July 7, 2015, Pat's Towing towed and impounded the vehicle at the direction of Somerville.  (Compl. at ¶ 14; Somerville Mem. at 1).  Pat's Towing has maintained possession of the vehicle.  (Compl. at ¶ 15; Pl. Resp. to Pat's Towing (Docket No. 51) at 1-2).

Additional factual details relevant to this court's analysis are described below where appropriate.

### III. ANALYSIS

#### A. Standard of Review

When a party moves for summary judgment, the court must "scrutinize the record in the light most flattering to the party opposing the motion, indulging all reasonable inferences in that party's favor." Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). In the interest of justice, "a document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).  However, a pro se litigant must still comply with Fed. R. Civ. P. Rule 56(e)'s requirement to "set forth specific facts showing that there [is] a genuine issue for trial." Mas Marques v. Digital Equip. Corp., 637 F.2d 24, 27 (1st Cir. 1980) (citation omitted).

Where parties have filed cross-motions for summary judgment, the basic Rule 56 standard still applies, and the court must "determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." Adria Int'l Group, Inc. v. Ferre Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001). "'A court must rule on each motion independently, deciding in each instance whether the moving party has met its burden under Rule 56.'" Ford v. Clarke, 746 F. Supp. 2d 273, 285 (D. Mass. 2010) (quoting Dan Barclay, Inc. v. Stewart & Stevenson Servs., Inc., 761 F. Supp. 194, 197-98 (D. Mass. 1991)).

### B. Statutory and Regulatory Framework Governing Use of a Disability Placard

Mass. Gen. Laws ch. 90 § 2 authorizes the issuance of special placards to disabled individuals, and provides that placards "may be used while a vehicle is parked in a designated handicapped space." Mass. Gen. Laws ch. 90, § 2. A disability parking placard entitles its holder to park in designated handicapped spaces, to park longer than usual time limits, and to park at parking meters free of charge. Mass. Gen. Laws ch. 40, §§ 22, 22A; 540 Mass. Code Regs. 17.05(1) (2016).[2] Enwonwu asserts that by also requiring that he obtain a resident parking permit in order to park in a residential parking space, Somerville is violating these statutory protections afforded to holders of disability parking permits. (See Pl. Mem. (Docket No. 46) at 3-6). For the reasons that follow, this court finds that Somerville's enforcement of its resident parking permit program is consistent with, and does not violate, the laws and regulations governing disability placards.

There is no dispute that the Commonwealth issued a disability placard to Enwonwu because of his handicapped status. (Compl. at ¶ 9; Somerville Facts (Docket 40) at ¶ 1). It is also undisputed that Somerville issues resident parking permits which allow permit holders to park in spaces designated only for its residents. (See Somerville Mem. Ex. B (Docket No. 39-2)). In order to obtain a resident parking permit, the vehicle registration must show the car

---

[2] In particular, Mass. Gen. Laws ch. 40, § 22 provides that "no penalty shall be imposed upon" a handicapped person whose vehicle has a handicapped parking placard "for parking such vehicle on any way for a longer period of time than permitted by [city] ordinances, by-laws, rules or orders." Mass. Gen. Laws ch. 40, § 22A provides that parking meter fees shall not be charged to handicapped persons with a handicapped parking placard, and provides for the establishment of designated handicap parking spaces. Finally, 540 Mass. Code Regs. § 17.05(1) provides that the disability placard "may be used while a vehicle is parked in a designated handicapped space from which the authorized user is entering or exiting ...." None of these statutes or regulations refer to resident parking spaces.

registered in the applicant's name, and evidence the applicant's current Somerville address. (Id.). Thus, the criteria for the two permits are entirely distinct.

There is no statutory or regulatory provision allowing a person to use a disability parking placard to park in a resident only designated space. The statutes and regulations expressly define the parameters and benefits conferred to a holder of a disability placard, and those parameters and benefits do not include parking in residential only designated spaces. See note 2, supra. In fact, the Massachusetts Registry of Motor Vehicles website expressly states:

> In Massachusetts: You may use your Disabled Placard in any parking space designated as HP parking. Other ordinances may be in effect, so obey all designated parking rules. **For instance, if a sign says, "Residential Parking Only, then you must also have the proper residence parking authority."**

(Somerville Mem. Ex. D (Docket No. 39-4) at 1 (emphasis added)). In short, neither the language nor the intent of the statutes and regulations governing disability placards exempt holders from complying with resident parking regulations as well.

Enwonwu is asking this court to re-write the Massachusetts statute and regulations to include a provision that allows a disability placard holder to park in a residential only space. This the court will not do. See, e.g., Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis, 444 U.S. 11, 19, 100 S. Ct. 242, 247, 62 L. Ed. 2d 146 (1979) (noting that "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it"). Accordingly, there is no support for Enwonwu's argument that his disability placard allows him to park in a resident only parking space, or that Somerville violated the statutes and regulations governing handicap placards by requiring that he obtain a resident parking permit.

### C. Alleged ADA Violation

Enwonwu asserts that the creation of Somerville's resident permit parking program violates the ADA because it denies him the benefit of his disability parking placard. (Compl. at ¶ 15). This Court finds that because Enwonwu cannot demonstrate that he was excluded from participation in or denied the benefits of his disability parking permit or Somerville's resident parking program, his claim fails as a matter of law.

"Congress enacted the ADA 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" Iverson v. City of Boston, 452 F.3d 94, 99 (1st Cir. 2006) (quoting 42 U.S.C. § 12101(b)(1)). As alleged, this case involves Title II, "which broadly provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" Id. (quoting 42 U.S.C. § 12132). "The clear purport of Title II is to guarantee that qualified disabled persons enjoy meaningful access to public services, programs, and activities." Id. To that end, "[a] public entity must make its service, program, or activity 'when viewed in its entirety,' 'readily accessible to and usable by individuals with disabilities,' except where compliance would result in a 'fundamental alteration' or an 'undue burden.'" Parker v. Universidad de P.R., 225 F.3d 1, 5 (1st Cir. 2000) (quoting 28 C.F.R. § 35.150(a)(3)).

To prevail on a Title II claim, a plaintiff must demonstrate the following: "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by

reason of the plaintiff's disability." Id. As detailed more fully below, this court finds that there is no record evidence supporting either the second or third prong of the three prong test. This is fatal to Enwonwu's claim. Buchanan v. Maine, 469 F.3d 158, 171 (1st Cir. 2006) (in order to prevail on a Title II claim a plaintiff must satisfy all three prongs); see also Del-Villar-Rosario v. P.R. DOJ, 573 F. Supp. 2d 496, 503 (D.PR. 2008) ("Plaintiff has not demonstrated that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.").[3]

With respect to his disability parking permit, there is no evidence that Somerville has deprived Enwonwu of any benefits conferred on those having a disability placard. Thus, Enwonwu has been able to park in designated handicap spaces, he has been able to park longer than usual time limits, and he has been able to park at meters free of charge. Therefore, Enwonwu has neither been excluded from participation in nor denied the benefits of his disability parking placard.

With respect to Somerville's resident parking program, the undisputed evidence demonstrates that Enwonwu never completed the resident permit parking application. Enwonwu was not excluded or denied the benefit of Somerville's resident permit parking program — he simply refused to follow the steps necessary to obtain a resident parking permit. These facts do not support a claim under the ADA. Buchanan, 469 F.3d at 175-76 (no evidence that plaintiff was denied individual support services where he refused to partake in the

---

[3] The parties do not dispute that Enwonwu "is a qualified individual with a disability," so this Court will assume that he satisfies the first prong of the three prong test.

9

individual support services offered); see also Boston v. Dart, No. 14 CV 8680, 2016 WL 5373083, at *7 (N.D. Ill. Sept. 26, 2016) ("That [plaintiff] chose not to use the shower because he would have preferred a softer bench is insufficient to show that he was intentionally denied access to showers on the basis of his disability.").

There is evidence in the record that Enwonwu's earlier application for a resident parking permit was denied because the vehicle was not registered in Somerville. As detailed above, that denial was upheld by the Massachusetts Appeals Court, and is not at issue in the instant case. (See Somerville Mem. Ex. C). If Enwonwu has not changed the registration, and continues not to qualify for a resident sticker, his claim for a violation of the ADA would still fail. His "denial of benefits" under the resident parking program would not be "by reason of [his] disability." Parker, 225 F.3d at 5. Rather, it would be due to the fact that the vehicle is not registered in Somerville.

Finally, the undisputed facts establish that Somerville has made its residential parking program "readily accessible to and usable by individuals with disabilities[.]" Parker, 225 F.3d at 5 (quoting 28 C.F.R. § 35.150(a)). Specifically, the fee for obtaining a resident parking sticker is waived for those with disabilities, and persons with disabilities are also eligible to apply for designated disability parking spaces in front of their homes. (Pl. Aff. at Attachment (Docket No. 48-1) ¶ 3. Therefore, the residential parking program does not, on its face, render parking for those residents with disabilities inaccessible or unusable.[4] Accordingly, Enwonwu's ADA claims fail as a matter of law.

---

[4] Enwonwu has asserted that there are not enough handicapped parking spaces and that he was informed by his late sister that she applied for but was not issued a free sticker or a parking space near her home. (Pl. Aff. (Docket No. 48) at ¶ 16). Any such allegations are clearly beyond the scope of the

### C. Pat's Towing's Motion

As detailed above, Pat's Towing has not only joined in Somerville's motion for summary judgment but has also moved for summary judgment on the grounds that the Complaint fails to allege any claims against it, and that Enwonwu has not established that he is entitled to possession of the vehicle Pat's Towing is storing. While the issue whether Enwonwu has put forth sufficient facts to establish that he has a right to possess the vehicle is in dispute, Pat's Towing is entitled to summary judgment because the Complaint fails to allege that it engaged in any wrongdoing. Rather, Enwonwu asserted only that Pat's Towing complied with Somerville's directive to tow the vehicle. Enwonwu does not challenge the fact that Somerville is entitled to arrange for the towing of cars with unpaid tickets (assuming that the tickets were valid). Nor does he deny that Pat's Towing should have complied with the directive of its customer, Somerville. In any event, the Complaint contains no allegations showing that Pat's Towing engaged in any wrongdoing. Its motion for summary judgment should be allowed for this reason as well.

### IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Somerville's Motion for Summary Judgment (Docket No. 38) be ALLOWED, that Pat's Towing's Motion for Summary Judgment (Docket No. 44) be ALLOWED,

---

Complaint filed in this case, and should not be considered. Moreover, his claims about his sister are unsupported hearsay, which is not evidence for purposes of summary judgment. Finally, Enwonwu's allegations are not supported by facts concerning the number or locations of handicapped parking spaces. His conclusory allegations are insufficient to state a claim. See Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990) ("conclusory allegations, improbable inferences, and unsupported speculations" are insufficient to establish a genuine dispute of fact).

and that Enwonwu's Cross-Motions for Summary Judgment (Docket Nos. 45 and 51) be

DENIED.[5]

                                              / s / Judith Gail Dein
                                              Judith Gail Dein
                                              United States Magistrate Judge

---

[5] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).