FILED
IN CLERKS OFFICE

**IN THE UNITED STATES DISTRICT COURT** 2016 NOV 16 PM 1 09
**FOR MASSACHUSETS**

U.S. DIST...
DISTRICT OF ....

| | | |
|---|---|---|
| LEOPOLD O. V. ENWONWU, | ) | |
| | ) | **CIVIL ACTION FILE NO:** |
| **Plaintiff,** | ) | |
| | ) | **15 – cv - 13036 - LTS** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CITY OF SOMERVILLE and,** | ) | |
| **PAT'S TOWING,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## AMENDED OBJECTIONS TO THE REPORT AND RECOMMENDATION OF U.S.M.J. DEIN ON CROSS MOTIONS FOR SUMMARY JUDGMENT.

**COMES NOW**, Plaintiff Leopold O. V. Enwonwu, (hereafter "Enwonwu"), and seeks leave of the Court to file Amended Objections to the Report and Recommendation of U.S. Magistrate Judge Judith G. Dein by correcting errors appearing on the pleading dated, filed and served on 10th day of November, 2016; which document was incomplete because of a computer glitch; showing the Court the complete document; as follows:

1.    **Defendant, Contemnor, Is Not Entitled To Summary Judgment.**

Without resolving the questions of Enwonwu's motion to hold Pat's Towing in contempt for failure to respond to his discovery requests, Magistrate Judge Dein cannot rightly recommend the entry of summary judgment for Pat's Towing. Facts

arising out of the instant action have revealed that Pat's Towing not only took possession and custody of Enwonwu's vehicle at the instance of the City of Somerville, but since started exercising acts of ownership over said vehicle, inclusive of acquiring a set of the keys to said vehicle, claiming to have obtained them from Enwonwu's late sister. The question is: when has been customary for a Bailee to acquire a duplicate set of keys to a vehicle from a relation to the Plaintiff, at the same time continues to question Plaintiff's right to ownership and possession of the vehicle?

### 2.    M.G.L c 40 § 22, And M.G.L c 40 § 22A, Prohibit Cities Like Somerville From Imposing Fees/ Penalties On Handicap Placards.

In setting forth the statutory framework, it is very important at all times to keep in perspective the evil the state statute(s) sought to remedy, equally keeping in mind the changing circumstances. When M.G.L c 90 § 2, M.G.L c 40 § 22, and 540 Mass, Code Reg. § 17.05 were enacted, the Commonwealth had to deal with the problem the parking meters caused disabled veteran and other handicapped persons[1] as they parked in commercial areas of the cities and towns of the Commonwealth to keep their medical appointments. Taking into account that the meters were limited

---

[1]    Each day, we say thank you to the disabled veterans that have served us in various ways. Similarly, handicapped persons need the support of society. In enacting G.L. c. 40, §§ 22, and 22A, the Commonwealth of Massachusetts made good some of the promises made, everyday.

to durations of two hours, the disabled veterans and other handicapped persons who had medical appointments and treatments running in excess of two hours were ticketed for exceeding the meter limits, and fines of up to $40.00, on each occasion. For instance, Enwonwu who receives dialysis treatment for 4 and ½ hours, three times weekly would be fined $120.00, weekly. This is apart from his other medical appointment.

Accordingly, in regulating the meters operated by the cities and towns of the Commonwealth the General Assembly enacted G.L. c. 40, § 22, with its heading as: *"[r]egulation of vehicles; penalties for violation; disabled veterans and handicapped persons excepted from parking violations; taxicab licenses;"* and in its prohibiting part, G.L. c. 40, § 22, reads as follows:

> *No penalty shall be imposed upon any disabled veteran or handicapped person, whose vehicle bears the distinctive number plates, or displays the special parking identification plate authorized by section two of chapter ninety or bears the official identification of a handicapped person issued by any other state, or any Canadian Province, for parking such vehicle on any way for a longer period of time than permitted by said ordinances, by-laws, rules or orders.*

When the cities and towns of Massachusetts resorted to setting up residential permit parking program as a means of raising revenue, a new problem arose. For the same group of disabled veterans and handicapped persons that had appointments at the locations of their doctors' offices, not necessarily their residential cities. For

instance, Enwonwu receives dialysis treatment at DCI, 35 Kneeland Street, Boston, MA 02111. His cardiologist is at the Cambridge Hospital, Cambridge. Circumstances may dictate that he sees other medical professionals at other locations outside Somerville. All told, Enwonwu needs three or more up residential parking permit. At best, however, he will be issued only one permit by his city of residence. To further protect the same group of disabled veterans and handicapped persons, which group was already identifiable by the permits issued by the Registrar of Motor Licenses, the General Assembly enacted M.G.L c 40 § 22A, with its separate purpose reflected in its heading, as follows: *"[p]arking meters; fees; exemption from fees for disabled veterans and handicapped persons; bicycle locking devices; motorcycle parking; restricted parking areas for veterans and handicapped persons."* The current edition of G.L. c. 40, § 22A, runs in two parts, the first part effective until November 7, 2016, while the second part takes effective, thereafter. Very pertinent is that both parts of G.L. c. 40, § 22A, limits the authorities of the cities and towns of the Commonwealth (City of Somerville, not excepted) by providing, as follows:

> *"No fee shall be exacted and no penalty shall be imposed for the parking of any vehicle owned and driven by a disabled veteran or by a handicapped person and bearing the distinctive number plates authorized by section two of chapter ninety, or for any vehicle transporting a handicapped person and displaying the special parking identification plate authorized by said section two of said chapter ninety or for any vehicle bearing the official identification of a handicapped person issued by any other state or any Canadian Province."*

When Enwonwu filed the instant action, he had the burden of calling evidence to prove that the City of Somerville had violated the Americans With Disabilities Act by failing to provide adequate parking for its handicapped residents; which parking should be located near their respective homes. However, this burden was alleviated when of its own volition the City of Somerville filed its motion for summary judgment by which it placed reliance on M.G.L c 90 § 2, M.G.L c 40 § 22, M.G.L c 40 § 22A, and 540 Mass, Code Reg. § 17.05. Contrary to the Report and Recommendation by the Learned Magistrate Judge, the language employed by the Massachusetts General Assembly in enacting M.G.L c 40 § 22A, that: *"[n]o fee shall be exacted and no penalty shall be imposed for the parking of any vehicle owned and driven by a disabled veteran or by a handicapped person and bearing the distinctive number plates authorized by section two of chapter ninety. . ."* leaves no room for doubt that the intent is for the disabled veterans and other handicapped persons in the Commonwealth of Massachusetts to continue to enjoy the free parking of their vehicles.

Respectfully submitted this 12th day of November, 2016.

_____

**LEOPOLD O. V. ENWONWU.**

5

# IN THE UNITED STATES DISTRICT COURT
## FOR MASSACHUSETS

LEOPOLD O. V. ENWONWU,    )

       )     **CIVIL ACTION FILE NO:**

    **Plaintiff,**    )

       )     **15 – cv - 13036 - LTS**

**v.**

       )     **JURY TRIAL DEMANDED**

**CITY OF SOMERVILLE and,**    )
**PAT'S TOWING,**    )

       )

    **Defendants.**    )

_____)

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2016, I mailed Amended Objections to

the Report and Recommendation of U.S. Magistrate Judge Judith G. Dein On

Crossmotions for Summary Judgment to counsel of record by U.S. mail; as follows:

David P. Shapiro,          Jeffrey C, McLucas,
Assistant City Solicitor         Kevin C. Cain
Law Dept., City Hall          960 Turnpike Street, Suite 3C
93 Highland Avenue          Canton, Massachusetts 02021
Somerville, MA 02143.

Respectfully submitted this 14th day of November, 2016.

_____
**LEOPOLD O. V. ENWONWU.**

**P.O. Box 45486**
**Somerville, Massachusetts 02145**
lochezzi@hotmail.com.

6

Leopold O. V. Enwonwu
P.O. Box 45486
Somerville, Massachusetts 02145



THE CLERK
U. S. DISTRICT COURT
1 Courthouse Way,
Boston, MA 02210